# Robinson+Cole

NATALIE D. RAMSEY
Robinson & Cole LLP
1201 North Market Street, Suite 1406
Wilmington, DE 19801
Main (302) 516-1700
Fax (302) 516-1699
nramsey@rc.com
(302) 516-1702

KEVIN C. MACLAY
Caplin & Drysdale Chartered
One Thomas Circle Northwest
Suite 1100
Washington, DC 20005
kmaclay@capdale.com
(202) 862-7841

*VIA ECF*

April 15, 2024

Clerk of Court
U.S. Court of Appeals for the Fourth Circuit
Lewis F. Powell, Jr. Courthouse
1100 East Main Street
Suite 501
Richmond, VA 23219

Re:   **Official Committee of Asbestos Personal Injury Claimants v. Aldrich Pump LLC**
      **Docket No. 24-128**

Dear Madam:

Pursuant to Fed. R. App. P. 28(j), Appellant, the Official Committee of Asbestos Personal Injury Claimants (the "*Aldrich/Murray* Committee), writes to draw the Court's attention to a decision in the case of *In re Bestwall LLC*, Case No. 17-31795 (Bankr. W.D.N.C. April 3, 2024), Dkt. No. 3360 (Copy attached as Exhibit A).

In their *Opposition to Petitions for Direct Appeal*, Debtors-Respondents Aldrich Pump LLC and Murray Boiler LLC repeatedly (*see* Dkt. No. 39, pp. 20, 22, 30) cited to a previous decision by the same court, *In re Bestwall*, 2024 WL 721596 (Bankr. W.D.N.C. Feb. 21, 2024) for the proposition that caselaw does not support the Committee's argument that the Bankruptcy Clause of the Constitution imposes a limit on bankruptcy court jurisdiction.

Subsequent to the decision cited by Debtors-Respondents, the Official Committee of Asbestos Claimants in *Bestwall* sought and received certification for direct appeal of that very decision. The *Bestwall* Bankruptcy Court granted certification under the first criterion of 28 U.S.C. 158(b)(2)(A) ruling that there was no controlling decision of this Court or the U.S. Supreme Court

29332255-v3

Boston | Hartford | New York | Washington, DC | Providence | Miami | Stamford | Wilmington | Philadelphia | Los Angeles | Albany | rc.com

Robinson & Cole LLP

**Robinson+Cole**

Clerk of Court
U.S. Courts of Appeals for the Fourth Circuit
April 12, 2024
Page 2

on the question of constitutional limits on bankruptcy jurisdiction. The *Bestwall* Bankruptcy Court explained on the record, that she agreed with the *Aldrich/Murray* Bankruptcy Court's ruling on the same issue in the Order, which is the subject of the *Aldrich/Murray* Committee's present Petition. *See* Bestwall Hearing Transcript, March 28, 2024, p.77.[1] We understand that, having received certification for a direct appeal, the *Bestwall* Committee intends to seek permission to do so from this Court.

Respectfully Submitted,

*/s/ Natalie D. Ramsey*
Natalie D. Ramsey
Robinson & Cole LLP
*Co-Counsel for Appellant Official Committee of Asbestos Personal Injury Claimants*

*/s/ Kevin C. Maclay*
Kevin C. Maclay
Caplin & Drysdale Chartered
*Co-Counsel for Appellant Official Committee of Asbestos Personal Injury Claimants*

cc:   Counsel for Appellees

---

[1] The Bankruptcy Court incorporated by reference her explanation on the record in the order granting certification. Copies of the relevant transcript excerpts are attached as Exhibit B.

# EXHIBIT A



FILED & JUDGMENT ENTERED
Steven T. Salata

April 3 2024

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

Laura T Beyer
Laura T. Beyer
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

| | |
|---|---|
| In re<br><br>Bestwall LLC,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 17-31795 (LTB) |

### CERTIFICATION OF THE ORDER DENYING MOTIONS TO DISMISS FOR DIRECT APPEAL TO THE COURT OF APPEALS FOR THE FOURTH CIRCUIT UNDER 28 U.S.C. § 158(d)(2)

This matter coming before the Court on the *Request of Official Committee of Asbestos Claimants for Certification of Direct Appeal to the Court of Appeals of Order Denying the Committee's Motion to Dismiss* [Dkt. No. 3308] (the "Committee's Request") and the *Motion for Certification of Direct Appeal to the Court of Appeals of Order Denying Mr. Buckingham's Motion to Dismiss*, as supplemented [Dkt. Nos. 3173, 3305] ("Buckingham's Request" and, together with the Committee's Request, the "Requests") seeking to appeal directly to the United States Court of Appeals for the Fourth Circuit from this Court's *Order Denying the Motions to Dismiss of Claimants Wilson Buckingham and Angelika Weiss and the Official Committee of Asbestos Claimants*, dated February 21, 2024 [Dkt. No. 3288] (the "Order"); *Maune Raichle Hartley French*

---

[1] The last four digits of the Debtor's taxpayer identification number are 5815. The Debtor's address is 133 Peachtree Street, N.W., Atlanta, Georgia 30303.

*& Mudd, LLC's ("MRHFM") Plaintiffs' Joinder in Support of Appeal of the Denial Order* [Dkt. No. 3307], *MRHFM's Plaintiffs' Supplement to Joinder to Motions to Certify Dismissal Order for Direct Appeal* [Dkt. No. 3322]; the *Debtor's Objection to Requests of the Official Committee of Asbestos Claimants and Certain Claimants for Certification of Direct Appeal of Order Denying Motions to Dismiss* [Dkt. No. 3324] (the "Objection"); and the *Official Committee of Asbestos Claimants' Reply to Debtor's Opposition to Request for Certification of Direct Appeal to the Court of Appeals of Order Denying Motions to Dismiss* [Dkt. No. 3330], and *Wilson Buckingham's and Angelika Weiss' Reply to the Debtor's Objection to the Request for Certification of Direct Appeal of Order Denying Motions to Dismiss* [Dkt. No. 3328] (collectively, the "Replies"); the Court having jurisdiction over the Requests pursuant to 28 U.S.C. § 158(d)(2); the Court having reviewed the Requests, the Objection, the Replies, and the other papers filed in connection with the Requests and having heard oral argument on the same at a hearing conducted on March 28, 2024 (the "Hearing"); and the Court finding good cause for the requested certification for the reasons stated on the record at the Hearing, which statements are expressly incorporated herein; and upon due consideration:

IT IS HEREBY ORDERED that, pursuant to 28 U.S.C. § 158(d)(2) and Rule 8006(f) of the Federal Rules of Bankruptcy Procedure and for the reasons set forth on the record at the Hearing:

1. The Committee's Request is GRANTED, and the Official Committee of Asbestos Claimants' appeal of the Order is hereby CERTIFIED for direct appeal to the United States Court of Appeals for the Fourth Circuit.

2. Buckingham's Request is DENIED.

This Order has been signed electronically.                United States Bankruptcy Court
The Judge's signature and court's seal appear
at the top of the Order.

# EXHIBIT B

```
                                                                              1

 1                    UNITED STATES BANKRUPTCY COURT
                    WESTERN DISTRICT OF NORTH CAROLINA
 2                           CHARLOTTE DIVISION

 3    IN RE:                           :    Case No. 17-31795-LTB

 4    BESTWALL LLC,                    :    Chapter 11

 5         Debtor.                     :    Charlotte, North Carolina
                                            March 28, 2024
 6                                     :    9:32 a.m.

 7    : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : :

 8

 9                       TRANSCRIPT OF PROCEEDINGS
              BEFORE THE HONORABLE LAURA TURNER BEYER,
10                    UNITED STATES BANKRUPTCY JUDGE

11
      APPEARANCES:
12
      For the Debtor:           Robinson, Bradshaw & Hinson, P.A.
13                              BY:  RICHARD C. WORF, ESQ.
                                     GARLAND CASSADA, ESQ.
14                              101 N. Tryon Street, Suite 1900
                                Charlotte, NC  28246
15
                                Jones Day
16                              BY:  GREGORY M. GORDON, ESQ.
                                2727 North Harwood St., Suite 500
17                              Dallas, TX  75201-1515

18

19    Audio Operator:           COURT PERSONNEL

20
      Transcript prepared by:   JANICE RUSSELL TRANSCRIPTS
21                              1418 Red Fox Circle
                                Severance, CO  80550
22                              (757) 422-9089
                                trussell31@tdsmail.com
23

24    Proceedings recorded by electronic sound recording; transcript
      produced by transcription service.
25
```

2

1  APPEARANCES (continued):

2  For the Debtor:                          Jones Day
                                            BY:  JEFFREY B. ELLMAN, ESQ.
3                                           1221 Peachtree Street, N.E., #400
                                            Atlanta, GA  30361

4
   For Richard and Joann Dale,              Maune Raichle
5  et al.:                                  BY:  CLAY THOMPSON, ESQ.
                                            150 W. 30th Street, Suite 201
6                                           New York, NY  10001

7  For Richard and Joann Dale,              Waldrep Wall
   Wilson Buckingham and                    BY:  JENNIFER B. LYDAY, ESQ.
8  Angelika Weiss:                               DIANA SANTOS JOHNSON, ESQ.
                                            370 Knollwood Street, Suite 600
9                                           Winston-Salem, NC  27103

10 For Wilson Buckingham and                Ruckdeschel Law Firm, LLC
   Angelika Weiss:                          BY:  JONATHAN RUCKDESCHEL, ESQ.
11                                          8357 Main Street
                                            Ellicott City, MD  21043
12
   For Future Claimants'                    Young Conaway
13 Representative, Sander L.                BY:  FELTON E. PARRISH, ESQ.
   Esserman:                                     WILLIAM R. ZWICHAROWSKI, ESQ.
14                                          227 West Trade Street, Suite 1910
                                            Charlotte, NC  28202
15
   For Official Committee of                Robinson & Cole LLP
16 Asbestos Claimants:                      BY:  NATALIE RAMSEY, ESQ.
                                                 DAVIS LEE WRIGHT, ESQ.
17                                          1201 N. Market Street, Suite 1406
                                            Wilmington, DE  19801
18
                                            Robinson & Cole LLP
19                                          BY:  THOMAS DONLON, ESQ.
                                            1055 Washington Boulevard
20                                          Stamford, Connecticut 06901

21                                          Hamilton Stephens
                                            BY:  ROBERT C. COX, JR., ESQ.
22                                          525 N. Tryon St., 14th Floor
                                            Charlotte, NC  28202
23

24

25

```
 1   APPEARANCES (continued):

 2   For Georgia-Pacific LLC:        Rayburn Cooper & Durham, P.A.
                                     BY:  JOHN R. MILLER, JR., ESQ.
 3                                   227 West Trade Street, Suite 1200
                                     Charlotte, NC  28202
 4
                                     Debevoise & Plimpton
 5                                   BY:  MARK P. GOODMAN, ESQ.
                                     66 Hudson Boulevard
 6                                   New York, NY 10001

 7   APPEARANCES (via telephone):

 8
     For Future Claimants'           Young Conaway
 9   Representative, Sander L.       BY:  SHARON ZIEG, ESQ.
     Esserman:                       1000 North King Street
10                                   Wilmington, DE  19801

11
                                     SANDER L. ESSERMAN
12                                   Future Claimants' Representative
                                     2323 Bryan Street, Suite 2200
13                                   Dallas, TX  75201-2689

14

15

16

17

18

19

20

21

22

23

24

25
```

1           THE COURT: You got 30 seconds.

2           MR. RUCKDESCHEL: The -- the -- I'm, I'm delighted to
3  hear that the debtor agrees that the lift stay motion is
4  immediately appealable to the district court. The question is
5  will it benefit from going to the district court and having
6  that issue ruled upon, or should it go up so the Fourth Circuit
7  can consider it while it's considering Aldrich/Murray and
8  considering whether it's going to take these cases. The answer
9  is yes, it should.

10          Thank you.

11          THE COURT: Uh-huh (indicating an affirmative
12  response).

13          All right. Why don't we do this, folks. In an effort
14  to get you a ruling today, what I would like to do is just
15  recess until, why don't we say 12:45. That'll give y'all time
16  -- I hate to send you packing and have you come back, but I
17  think it's probably the best thing to do -- come back at 12:45
18  and I'll give you my ruling, okay?

19          Thank you.

20          MR. RUCKDESCHEL: Thank you, your Honor.

21          MS. RAMSEY: Thank you, your Honor.

22      (Lunch recess from 11:21 a.m., until 12:45 p.m.)

23                          AFTER RECESS

24      (Call to Order of the Court)

25          THE COURT: All right. We are back in the Bestwall

73

1  case having recessed for lunch and we're back for the Court to
2  issue its ruling on the motions for certification of direct
3  appeal to the Court of Appeals of Mr. Buckingham and the
4  Committee.
5      I'll start with the standard, which we all know, as
6  you all know, I know, 'cause we've had to rule on these issues
7  before, but as previously noted in this Court's September 11,
8  2019 certification for direct appeal to the Fourth Circuit in
9  this case, pursuant to 28 U.S.C. Section 158(d)(2) the standard
10 for certifying a direct appeal is both disjunctive and
11 mandatory and a bankruptcy court is required to certify an
12 order for direct appeal if the court determines that one of the
13 criteria listed in 28 U.S.C. Section 158(d)(2)(A) is satisfied.
14     Having considered the pleadings and the arguments of
15 counsel at today's hearing, I conclude I should deny
16 Mr. Buckingham's motions for certification of direct appeal and
17 grant the Committee's motion for certification of direct appeal
18 to the Court of Appeals and I'll address them sort of in that
19 order, starting with Mr. Buckingham's motion seeking
20 certification of direct appeal of this Court's dismissal order.
21 And that's how I will refer to the Court's order that was
22 entered on February 21, 2024.
23     At the hearing on Mr. Buckingham's motion to dismiss,
24 Mr. Ruckdeschel implored the Court to rule on the merits of
25 whether the Court should dismiss this case as a bad faith

filing under <u>Carolin</u>. In short, he sought reconsideration of the Court's earlier ruling and its Opinion and Order denying the Committee's first motion to dismiss. The Court declined to consider the merits of the bad faith filing issue under <u>Carolin</u> in its Dismissal Order and instead, concluded that the Opinion and Order is the law of this case and should not be reconsidered.

The Court further concluded that its jurisdiction to do so was questionable given the pending appeal of the Opinion and Order. Despite its ruling in the Dismissal Order, Mr. Buckingham insists that the appellate issue here is, and I quote, "whether a non-distressed, wealthy debtor filed in bad faith and that direct certification will materially advance this case by providing Mr. Buckingham with the ability to seek review of the <u>Carolin</u> standard in the context of the Dismissal Order."

In an effort to get an issue on appeal to the Fourth Circuit, Mr. Buckingham's motion ignores this Court's ruling and its Dismissal Order. It's as if he has requested certification of what he wished for the order to be, rather than what it is. But in focusing on the Court's ruling and the Dismissal Order and its application of law of the case and the divesting rule, the Court concludes it must deny Mr. Buckingham's motion for certification. The Court followed controlling precedent in its application of the law-of-the-case

1  doctrine and the divesting rule and because there is
2  controlling precedent on these issues, they don't involve a
3  matter of public importance, or, as the General Motors court
4  stated, "Because the legal issues of law of the case and
5  divestment have already been decided by the Fourth Circuit,
6  there's no matter of public importance for the Fourth Circuit
7  to adjudicate."
8       Finally, because the Fourth Circuit would be limited
9  to reviewing the Dismissal Order and likely would not reach the
10 Carolin standard and the propriety of this case, the Court
11 can't conclude that granting Mr. Buckingham's motion would
12 materially advance the progress of this case.
13      With respect to the request of the Committee for
14 certification of direct appeal to the Court of Appeals, let me
15 start by saying that the Court stands by its September 11, 2019
16 certification for direct appeal to the Court of Appeals.  The
17 goal was to get the issue of reconsidering the Carolin standard
18 directly to the Fourth Circuit because, inevitably, that's
19 where we're headed despite what Judge Whitley, the district
20 court, Judge Conrad, or I have to say about the issue.  As you
21 all stated in your papers, Judge Whitley and I have been clear
22 about our desire for the Fourth Circuit to consider the good
23 faith question in the context of these cases.  Bypassing the
24 district court's consideration of the Opinion and Order made
25 great sense and I regret that the Circuit declined to take the

1  issue on direct appeal. I have no doubt that a direct appeal
2  of the Opinion and Order would have materially advanced this
3  case and it involved a matter of public importance. Quite
4  frankly, I'm less sure about the Dismissal Order and the
5  subject matter jurisdiction issue addressed therein,
6  particularly in light of my previous experience certifying a
7  matter for direct appeal to the Circuit, which the Circuit
8  denied. I believe the certification request related to the
9  Opinion and Order was far more compelling and I don't consider
10 this issue lightly. As Mr. Gordon put it, I'm not just
11 "punting" this issue to the Fourth Circuit because our
12 certifications will fall on deaf ears if we grant them
13 routinely. But admittedly, this case and the other cases
14 pending in this District are anything but routine.
15         Technically speaking and pursuant to the plain
16 language of the statute, I find that the order denying motion
17 to dismiss involves a question of law as to which there is no
18 controlling decision of the Fourth Circuit or the Supreme
19 Court. The specific question of law raised by the Committee
20 and addressed in the Dismissal Order is whether the debtor is
21 in sufficient financial distress to be an eligible subject of
22 Bankruptcy pursuant to the Bankruptcy Clause of the
23 Constitution, or, as the Committee asserts, whether this Court
24 lacks constitutional subject matter jurisdiction to hear this
25 case due to the debtor's lack of financial distress. And as

1   Judge Whitley and I both concluded, there are no cases holding
2   that a sufficient degree of financial distress is a requirement
3   for bankruptcy courts to have subject matter jurisdiction.  It
4   was precisely for that reason that the Court had to consider
5   whether the language of the Bankruptcy Clause, the history of
6   American bankruptcy law, or the Supreme Court's descriptions of
7   the bankruptcy power definitively answered or even directly
8   addressed the question of whether constitutional subject matter
9   jurisdiction requires a debtor in financial distress.
10  Therefore, the Court concludes there is no controlling decision
11  of the Fourth Circuit or the Supreme Court on this issue.
12             Strictly speaking, the Court does not find that a
13  higher court's consideration of the constitutional subject
14  matter jurisdiction issue is a matter of public importance.
15  The public is concerned about whether this case was filed in
16  good faith under Carolin and the Fourth Circuit's dismissal
17  standard.  And I say this in jest, but it's doubtful that the
18  public is particularly interested in weighing in on
19  constitutional subject matter jurisdiction.  However, to the
20  extent consideration of that issue implicates the propriety of
21  a bankruptcy filing by a company that has never been in
22  financial distress, or, more generally, who can file
23  bankruptcy, the Court concludes that it is a matter of public
24  importance.
25             And I agree with Judge Whitley's conclusion that the

1  ramifications of the issues that would be considered by an
2  appellate court are significant in that they affect tens of
3  thousands of claimants in this case and in other pending
4  asbestos cases, thousands of state court lawsuits, and
5  potentially expand beyond asbestos cases into other mass tort
6  cases and the fact that Attorneys General and senators are
7  filing *amicus* briefs with the Fourth Circuit and the Supreme
8  Court weighing in on the Texas twostep is some indication of
9  its public importance.
10      The Court also agrees that the public importance of
11  these cases has increased significantly since the entry of this
12  Court's initial certification order.
13      Finally, if the Circuit were to agree with the
14  Committee's assertion that this Court lacks subject matter
15  jurisdiction over the debtor's case, that would materially
16  advance the progress of this case and inevitably result in its
17  dismissal.  Therefore, the Court finds that the last prong of
18  the standard under 28 U.S.C. 158(d)(2) is also met.
19      I understand as a practical matter that given my
20  ruling that the entire order may end up on appeal at the Fourth
21  Circuit, including those issues raised by Mr. Ruckdeschel,
22  perhaps including the Carolin issue.  That remains to be seen.
23  Standing alone, I still believe Mr. Ruckdeschel -- excuse me --
24  Mr. Buckingham's motion should, should be and should have been
25  denied.  But if the Circuit ends up addressing the Carolin

1  issue, that, too, will advance the case and as Ms. Ramsey said,
2  the sooner these issues are resolved on appeal, the sooner we
3  will have guidance that directs the future of all of the
4  asbestos cases pending in this District.
5           So as to those two motions, Ms. Ramsey, I would ask
6  that you draw up one order granting the Committee's motion and
7  denying Mr. Buckingham's motion for certification for direct
8  appeal.
9           That leaves us with Mr. Buckingham's motion for
10 certification as it relates to the motion for relief from
11 automatic stay. The Court denies this motion largely for the
12 reasons argued by the debtor at the hearing today and explained
13 in the debtor's objection to Mr. Buckingham's motion. In
14 short, the order applied controlling precedent and presents
15 none of the circumstances justifying immediate appeal under
16 158(d)(2)(A). It simply doesn't rise to the level of the type
17 of exceptional circumstance for which certification to the
18 Fourth Circuit is necessary. The Court specifically applied
19 the Robbins factors in denying the motion for relief from stay.
20 Robbins is clearly the controlling law in this Circuit when
21 considering a request for relief from stay. Therefore, there's
22 no basis to grant the motion on the basis of lack of
23 controlling law.
24          A direct appeal of the motion for relief from stay
25 does not involve a matter of public importance and it would not

1  advance the cause of jurisprudence or transcend the litigants,
2  particularly given the routine nature of motions for relief
3  from stay and the fact that this motion pertains to one
4  claimant. Similarly, it would not materially advance the
5  progress of the case because, as a practical matter, it relates
6  to a narrow issue involving Mr. Buckingham and might remove him
7  from this case, but not otherwise move the ball in the grand
8  scheme of the progression of the case.
9         So for those reasons, I deny that motion for direct
10 appeal and would ask the debtor to draw an order to that
11 effect.
12        And that takes care of the matters that were before
13 the Court today.
14        Mr. Gordon, we often have a status report. I don't
15 know if y'all were anticipating a status report today, but I'm
16 happy to, to hear one if, if there's one to give. I read the
17 press updates and know things are happening that extend beyond
18 this Court. So I'm happy to hear what y'all have to say.
19        MR. GORDON: Thank you, your Honor. Greg Gordon on
20 behalf of the debtor. So I do have a, a short status report.
21 We were last here on January the 18th. So there's been a
22 little bit of time that's gone by since then.
23        And a couple of things just to sort of put out there
24 as reminders. You'll remember that we have the pending
25 sanction appeal with respect to what we call the Illinois